IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOD N. ROCKEFELLER,

        Plaintiff,

vs.	No. CIV-06-0198 JB/RLP

JEFF BINGAMAN, in his official capacity
as U.S. Senator; the U.S. SENATE;
STEVE PEARCE, in his official capacity
as U.S. Representative; and the
U.S. HOUSE OF REPRESENTATIVES

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Dismiss of Defendants Steve Pearce and the U.S. House of Representatives, filed August 17, 2006 (Doc. 6), and the Motion to Dismiss by Defendants Senator Jeff Bingaman and the United States Senate, filed August 29, 2006 (Doc. 9). The primary issue is whether the Court should dismiss the action for lack of jurisdiction and failure to state a claim. Because the Court believes that the Defendants are protected by sovereign immunity, the Plaintiff is without standing to bring his claims, and the Plaintiff's claims are barred by the Speech and Debate Clause, the Court finds that is does not have subject-matter jurisdiction over the case and will grant the Defendants' motions to dismiss.

## FACTUAL BACKGROUND

Plaintiff Tod N. Rockefeller, proceeding pro se, alleges that he is a former environmental scientist in the Carlsbad Area Office of the United States Department of Energy who was terminated from his position. See Complaint, Caption, Prayer, at 1, 11, filed March 15, 2006 (Doc. 1).

Following his termination, Rockefeller challenged his dismissal administratively and in the courts, bringing suit against various federal defendants. See id. ¶¶ 16-23, at 5-6. In three prior lawsuits, federal district courts ruled against Rockefeller. See id. The Court of Appeals affirmed each of those district court decisions, and the Supreme Court denied certiorari. See id.

In this action, Rockefeller asserts that 28 U.S.C. § 1254, which eliminated direct appeal to the Supreme Court from adverse courts of appeals decisions, and 28 U.S.C. § 2284, which limited grounds for convening a three-judge district court panel, are unconstitutional. See id. ¶¶ 24-42, at 6-10. Rockefeller maintains that these laws violate the Constitution's separation-of-powers doctrine and Article III. See id. Rockefeller further alleges that he notified the Defendants of the unconstitutionality of §§ 1254 and 2284, and that the Defendants did not take any action to remedy the two laws. See id. ¶¶ 8-10, at 3. Rockefeller contends that the operation of these laws and the Defendants' failure to address them have injured him. See id. ¶ 43, at 10. As such, Rockefeller demands that a three-judge panel decide his suit for an injunction halting the operation of § 1254. See id. ¶¶ 42, 44, at 10.

## PROCEDURAL BACKGROUND

The Defendants seek to have the Court dismiss all claims against them in this action, with prejudice, pursuant to rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. See Motion to Dismiss of Defendants Steve Pearce and the United States House of Representatives, at 1; Motion to Dismiss by Defendants Senator Jeff Bingaman and the United States Senate, at 1. The Defendants contacted Rockefeller to request his consent to their moves to dismiss; Rockefeller declined to grant his concurrence. See Motion to Dismiss of Defendants Steve Pearce and the United States House of Representatives, at 1; Motion to Dismiss by Defendants Senator Jeff Bingaman and the United

States Senate, at 2.

## **LAW REGARDING JURISDICTION AND DISMISSAL**

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994). Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. Proc. 12(b)(1). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Whenever it appears that the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir.1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).

A motion to dismiss pursuant to rule 12(b)(6) "'admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.'" Tal v. Hogan, No. 03-6293, 2006 U.S. App. LEXIS 16437, at 11 (10th Cir. June 29, 2006)(quoting Mitchell v. King, 537 F.2d 385, 386 (10th Cir.

1976)). The court's role "'on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" Id. at 11-12 (citing Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). The court "must liberally construe the allegations of a pro se complaint." Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 806 (10th Cir. 1999)(citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

"A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d at 1236. The court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions." Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kan. Dep't of Corrs., 165 F.3d at 806 (citing Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)).

## ANALYSIS

While the Defendants ask the Court to, among other things, dismiss Rockefeller's claims on the merits with prejudice, the Court need not and should not go that far in its analysis. The Court does not have jurisdiction over this matter, for three reasons. First, sovereign immunity bars Rockefeller's claims. Second, Rockefeller does not have standing to bring his claims. And third, the Speech and Debate Clause bars Rockefeller's claims.

**I.    SOVEREIGN IMMUNITY BARS ROCKEFELLER'S CLAIMS**.

Sovereign immunity forecloses Rockefeller's claims against the House of Representatives and Senate as institutions, and Representative Pearce and Senator Bingaman as individuals acting in their official capacities. See Keener v. Cong. of the U.S., 467 F.2d 952, 953 (5th Cir. 1972)(affirming dismissal because Congress "is protected from suit by sovereign immunity"). Because an "official-capacity" suit is treated as a suit against a government entity, see Kentucky v. Graham, 473 U.S. 159, 166 (1985), Representative Pearce and Senator Bingaman, acting in their official capacities, enjoy the envelope of the Congress' sovereign immunity, see Travelers Ins. Co. v. SCM Corp., 600 F. Supp. 493, 497 (D.D.C. 1984)(holding that "[i]t is clear that a claim against a federal employee in his or her 'official capacity' is in effect a claim against the government. The sovereign immunity doctrine cannot be evaded by changing the label on the claims or the parties."). Accordingly, sovereign immunity prevents the Court from establishing subject-matter jurisdiction in this case and bars Rockefeller from bringing his claims. See United States v. Mitchell, 463 U.S. 206, 212 (1983)(asserting that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for [subject-matter] jurisdiction."); Rozenblat v. Sandia Corp., 2006 WL 678923, at 1, 4 (Fed. Cir. 2006)(affirming a district court's dismissal on the grounds that the plaintiff's failure to show that Congress had waived sovereign immunity barred the suit for lack of subject-matter jurisdiction); United States v. Murdock Mach. & Eng'g Co. of Utah, 81 F.3d 922, 930 (10th Cir. 1996)(holding that "if the government has not consented to suit, the courts have no [subject-matter] jurisdiction to either 'restrain the government from acting, or to compel it to act.'").

## II.     ROCKEFELLER DOES NOT HAVE STANDING TO BRING HIS CLAIMS.

Article III of the Constitution limits the jurisdiction of the federal courts to the resolution of actual cases and controversies. See U.S. CONST. art. III, § 2. Actual cases and controversies require the plaintiff to have standing. The plaintiff bears the burden of establishing his standing to bring suit. See Wyo. Sawmills, Inc. v. U.S. Forest Serv., 383 F.3d 1241, 1246 (10th Cir. 2004). To meet that burden, a plaintiff must demonstrate: that they have suffered an injury in fact – an invasion of a legally protected interest that is concrete and particularized, and actual or imminent; that the injury was caused by or traceable to the challenged action of the defendant; and that it is likely that a favorable decision will redress the injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Nova Health Sys. v. Gandy, 416 F.3d 1149, 1154 (10th Cir. 2005).

Rockefeller fails to allege concrete and particularized harm to a legally protected interest that flows from his lack of ability to appeal directly to the Supreme Court or establish a three-judge panel to adjudge his claims. Rather, Rockefeller maintains, only in a general sense, that he has suffered injury from §§ 1254 and 2284. See Compl. ¶ 7, at 3. Moreover, the concrete and particularized harms that Rockefeller articulates relate to the termination of his employment and not to the operation of the two statutes with which he takes issue. See id. ¶ 43, at 10. Rockefeller also fails to demonstrate a likelihood that the relief he seeks will redress the harms he identifies. Even if this Court grants the injunction that Rockefeller requests, that outcome would not remedy Rockefeller's dismissal from employment nor permit him to reopen his prior cases to seek further Supreme Court review. Rockefeller does not have standing to pursue this action because he has not alleged a concrete and particularized harm and has not shown that redress is likely given a determination in his favor; therefore, the Court does not have the requisite subject-matter jurisdiction to hear this case.

### III. THE SPEECH AND DEBATE CLAUSE BARS ROCKEFELLER'S CLAIMS.

"[F]or any Speech or Debate in either House. [Senators and Representatives] shall not be questioned in any other place." U.S. CONST., art. I, § 6, cl. 1. The Supreme Court has consistently held that this clause provides immunity from suit for "anything 'generally done in a session of the House by one of its members in relation to the business before it.'" Doe v. McMillan, 412 U.S. 306, 311 (1973). See Bastien v. Office of Sen. Ben Nighthorse Campbell, 390 F.3d 1301, 1314 (10th Cir. 2004)(stating that "in light of the history and undoubted purpose of the Clause, the words 'Speech or Debate' have been read broadly to encompass all formal actions in the official business of Congress, including voting, conducting hearings, issuing reports, and issuing subpoenas."). Such immunity covers suits for injunction or damages. See Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 501 (1975).

The Speech and Debate Clause protects the acts with which Rockefeller takes issue in this case – Congress' enactment of certain legislation and the decision of individual Congressmen not to take legislative action in response to Rockefeller's prompts. Accordingly, the Speech and Debate Clause keeps the Court from attaining subject-matter jurisdiction and prohibits Rockefeller from bringing his current claims. See Doe v. McMillan, 412 U.S. at 318; Gravel v. United States, 408 U.S. 606, 618 (1972); Fields v. Office of Eddie Bernice Johnson, No. 04-5315, 2006 U.S. App. LEXIS 21140, 31 (D.C. Cir. Aug. 18, 2006)(maintaining that the "Speech and Debate Clause operates as a jurisdictional bar when 'the actions upon which [a plaintiff] sought to predicate liability were legislative acts.'").

Pursuant to rule 12(b)(1), and based on the foregoing analysis of sovereign immunity, standing, and the Speech and Debate Clause, Rockefeller's complaint is subject to dismissal for lack

of subject-matter jurisdiction.

**IT IS ORDERED** that the Defendants' motions to dismiss are granted.  The Court will dismiss the Plaintiff's action.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Tod N. Rockefeller
Carlsbad, New Mexico

    *Pro Se Plaintiff*

Patricia Mack Bryan
Morgan J. Frankel
Grant R Vinik
Thomas E. Caballero
Office of Senate Legal Counsel
U.S. Senate
Washington, D.C.

    *Attorneys for Defendants Senator Jeff Bingaman and the United States Senate*

– and –

Geraldine R. Gennet
Kerry W. Kircher
John D. Filamor
Office of General Counsel
U.S. House of Representatives
Washington, D.C.

    *Attorneys for Defendants Representative Steve Pearce and the United States House of Representatives*